UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYONG OK YU, *et al.*,

    Plaintiffs,

v.

FIVE BOARS, LLC., *et al.*,

    Defendants.

Case No. C17-1249-JPD

ORDER GRANTING PLAINTIFFS' MOTION TO ADMIT AS FACTS CERTAIN STATEMENTS

This matter comes before the Court upon plaintiffs' July 19, 2018 motion to admit as facts certain statements based upon defendants' failure to respond to the requests for admissions pursuant to Fed. R. Evid. 36. Dkt. 53. *See also* Dkt. 54 (Park Decl.). To date, defendants have failed to respond to plaintiffs' motion or plaintiffs' request for admission.

Fed. R. Civ. P. 36 provides, in relevant part,

(1) *Scope.*

A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
    (A) facts, the application of law to fact, or opinions about either; and
    (B) the genuineness of any described documents.
    ....

ORDER
PAGE - 1

(3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(1), (3). Once admitted, the matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" pursuant to Rule 36(b). Fed. R. Civ. P. 36(b).

Plaintiffs' First Request for Admissions ("RA") were sent to defendants on June 12, 2018. Dkt. 54 (Park Decl.) at ¶ 2. Despite the parties' agreement that defendants could have a few extra days to respond, to date, defendants have never provided answers to plaintiffs' requests for admissions. *Id.* at ¶ 6. In addition, defendants did not file a response to the instant motion. Dkt. 53. Thus, plaintiffs argue that all matters presented in the RA should be deemed admitted because no response was provided within thirty days as required by Rule 36, and plaintiffs' motion, Dkt. 52, remains unopposed.

Plaintiffs' motion, Dkt. 53, is GRANTED. It appears undisputed that defendants failed to respond to plaintiffs' requests for admission within thirty (30) days or at any time before plaintiffs' motion was filed. The Court therefore considers the matters addressed in plaintiffs' requests as admitted. *See* Fed. R. Civ. P. 36(a)(3).[1]

---

[1] Defendants' failure to respond will have significant implications for the pending motion for partial summary judgment, as plaintiffs asked defendants to admit that plaintiff Kyong Ok Yu was not a professional employee with a professional license, an executive employee, an administrative employee, or otherwise involved in the hiring/firing of employees, bookkeeping, accounting, tax reporting, payroll accounting, payroll check writing, vendor payments, or other administrative works that might have made her qualify for administrative exemption from the Fair Labor Standards Act (FLSA) and Washington Minimum Wage Act (WMWA) overtime pay requirements. Dkt. 53 at 6.

The Clerk is directed to send a copy of this Order to counsel for both parties.

DATED this 28th day of August, 2018.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE - 3