Chris Rosfjord, WSBA #37668
Of Counsel, JK Law Group, Inc.
11555 SE 8th Street, Suite 120
Bellevue, WA 98004
(206) 321-4849
Attorneys for Defendants Five Boars, LLC, Eun Kyu Kim, and Chu Hyong Kim

The Hon. James P. Donahue
Trial Date: September 24, 2018

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YU, KYONG OK, YU, UN NAM, wife and husband, <br><br> Plaintiffs, <br> v. <br><br> FIVE BOARS, LLC, a Washington limited liability company, KIM, EUN KYU, KIM, CHU HWANG, husband and wife, <br><br> Defendants. | CASE NO. 2:17-cv-01249-JPD <br><br> **DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF** |

Defendants Five Boars, LLC, Eun Kyu Kim, and Chu Hwang Kim, by and through the undersigned counsel, respectfully submit to the Court Defendants' Supplemental Trial Brief.

## I. ISSUES

Following the conclusion of trial on September 26, 2018, the Court requested the parties to submit supplemental briefing on the following issues:

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 1 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

**1.** The calculation of wages, including whether or not lodging should be included in Plaintiffs' "regular rate.

**2.** The calculation of hours, in light of caselaw and regulation regarding on-duty designation and employees who reside on the employer's premises.

**3.** The effect of inadequate or inaccurate recordkeeping in the determination of actual hours worked.

**4.** Good-faith, but erroneous defense to the extension of the statute of limitations to three years, an award of liquidated damages, and an award of attorney fees.

## II.  ARGUMENT

**A.    Calculation of wages.**

Section 7(e) of the Fair Labor Standards Act (the "FLSA") defines the "regular rate" as "all remuneration for employment paid to, or on behalf of, the employee[.]"[1] The "regular rate" for purposes of overtime under the FLSA is an hourly rate.[2] "The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid".[3] The regular rate is multiplied by one and one half to determine the rate of pay for the employee's overtime hours.[4]

"Where payments are made to employees in the form of goods or facilities which are regarded as part of wages, the reasonable cost to the employer or the fair value of such goods or of furnishing such facilities must be included in the regular rate".[5] To be included in the "regular rate", lodging furnished by an employer must have been intended as compensation to the

---

[1] 29 U.S.C. § 207(e).
[2] *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424, 65 S.Ct. 1242, 89 L.Ed. 1705 (1945).
[3] 29 C.F.R. § 778.109.
[4] 29 U.S.C. § 207(a)(1).
[5] 29 C.F.R. § 778.116.

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 2 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

employee.[6]

In this case, Defendants testified that they allowed Mr. and Mrs. Yu to reside at the Seal's Motel rent-free because they were family, not as compensation for working at the Seal's Motel. This began in 2010 when Mrs. Yu started working at the Seal's Motel. There was no reduced monthly rent between that time and when Mr. Yu began working at the Seal's Motel in December 2013 that would suggest that the provision of lodging was compensation for Mrs. Yu's work at the Seal's Motel. There was also no additional compensation paid to Plaintiffs when Mr. Yu began working at the Seal's Motel that would suggest Defendants' allowing Plaintiffs to live at the rent-free was anything but a gratuitous gesture by Defendants to help out family members.

Regarding the calculation of Plaintiffs' "regulate rate" for purposes of determining Plaintiffs' overtime wages, the Court has determined that Mrs. Yu was paid $3000.00 per month, or $750.00 per week, and Mr. Yu was paid $2000 per month, or $500.00 per week. Defendants reported Mrs. Yu's weekly number of hours worked as 40 and Mr. Yu's weekly number of hours worked as 17.5. Thus, Mrs. Yu's "regular rate" was $18.75 per hour and her overtime rate would be $28.13. Mr. Yu's "regular rate" was $28.57 and his overtime rate would be $42.86.

If the Court determines that the provision of lodging by Defendants should be included in the calculation of Plaintiffs' regular rate, then Mr. and Mrs. Yu's monthly wage would be increased by $850.00 each, as Defendants testified that the reasonable rate for the living quarters occupied by Plaintiffs was $1700.00 per month. Thus, Mrs. Yu's weekly compensation would be $962.50 and her "regular rate" would be $24.06 per hour and her overtime rate would be $36.09 per hour. Mr. Yu's weekly compensation would be $712.50 and his "regular rate" would be $40.71 per hour and his overtime rate would be $61.07 per hour.

**B.     Calculation of hours and on-duty or on-call hours.**

The workweek ordinarily includes "all the time during which an employee is necessarily

---

[6] 29 C.F.R. § 531.29.

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 3 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

required to be on the employer's premises, on duty or at a prescribed work place".[7]

Regulation 5 C.F.R. § 551.431(a) provides guidance as to when an employee is considered to be on duty:

> An employee is on duty, and time spent on standby duty is hours of work if, for work-related reasons, the employee is restricted by official order to a designated post of duty and is assigned to be in a state of readiness to perform work with limitations on the employee's activities so substantial that the employee cannot use the time effectively for his or her own purposes.[8]

> An employee is not considered restricted for "work-related reasons" if, for example, the employee remains at the post of duty voluntarily, or if the restriction is a natural result of geographic isolation or the fact that the employee resides on the agency's premises.[9]

Regarding on-call time, "[t]he Supreme Court long ago recognized, the inquiry into whether 'on-call' or 'waiting' time constitutes compensable 'working' time for purposes of FLSA § 207(a)(1) is particularly challenging".[10] Whether or not time spent waiting is considered working time is a question of fact for the trial court.[11]

> This involves scrutiny and construction of the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances. Facts may show that the employee was engaged to wait, or they may show that he waited to be engaged. His compensation may cover both waiting and task, or only performance of the task itself.[12]

The two main factors in determining whether waiting time is compensable are (1) the degree to which the employee is free to engage in personal activities; and (2) the agreements between the parties.[13]

In *Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, the Ninth Circuit outlined

---

[7] *Anderson v. Mt. Clemons Pottery Co.*, 66 S.Ct. 1187, 328 U.S. 680, 690-691, 90 L.Ed. 1515, (1946).
[8] 5 C.F.R. § 551.431(a)(1).
[9] 5 C.F.R. § 551.431(a)(2).
[10] *Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 935 (9th Cir. 2004).
[11] *Skidmore v. Swift & Co.*, 323 U.S. 134, 136-137, 65 S.Ct. 161, 89 L.Ed. 124, (1944).
[12] *Skidmore v. Swift & Co.*, 323 U.S. 134, 137, 65 S.Ct. 161, 89 L.Ed. 124, (1944).
[13] *Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 350 (9th Cir. 1992).

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 4 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

seven factors for courts to consider in determining whether an employee was free to engage in personal activities:

> (1) whether there was an on-premises living requirement; (2) whether there were excessive geographical restrictions on employee's movements; (3) whether the frequency of calls was unduly restrictive; (4) whether a fixed time limit for response was unduly restrictive; (5) whether the on-call employee could easily trade on-call responsibilities; (6) whether the use of a pager could ease restrictions; and (7) whether the employee had actually engaged in personal activities during call-in time.[14]

No one factor is dispositive and courts must balance the factors allowing and restricting personal pursuits. The flexibility or freedom need not be as substantial as that of not being on-call or all on-call time would constitute working time, which has been rejected by caselaw and administrative guidelines.[15]

In this case, with regards to Mr. Yu, the factors favor a determination that Mr. Yu had sufficient freedom to engage in personal activities during the hours the Seal's Motel office was open and that Mr. Yu was "waiting to be engaged" as opposed to "engaged to wait". Although Mr. and Mrs. Yu resided on the Seal's Motel premises, Mr. Kim testified that Mr. Yu was free to leave the motel when there was no work for him to do, which was only minor maintenance in nature. Additionally, Mrs. Kim testified that Mrs. Yu complained to her that Mr. Yu spent most of his days sitting idly because there was not much work for him to do; thus, the frequency of calls was not unduly restrictive. Mr. Yu had a cell phone which permitted him to leave the premises and respond if Mrs. Yu called to inform him that a task needed to be completed. In addition, Mr. and Mrs. Kim were regularly at the Seal's Motel and could easily perform any tasks that may have arisen; thus not requiring Mr. Yu to return to the motel. Finally, Mr. Yu regularly engaged in personal activities, whether it be watching television, sleeping, or going to the bar during the time that might be considered on-call.

---

[14] *Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 351 (9th Cir. 1992).
[15] *Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 351 (9th Cir. 1992).

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 5 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

There was also an agreement between Mr. Yu and Defendants that, if he wanted to take any time off, whether a full day or partial day, Mr. Yu could call Mr. Kim or Daniel Kim to come in to the Seal's Motel. The agreement with Mr. Yu was that he would be paid for 17.5 hours each week, even if he did not work the full amount of hours. Under 29 C.F.R. § 785.23, the Court should bind the parties to their agreement because Mr. Yu, who resided on the Seal's Motel, was given tremendous freedom with respect to performing his minor maintenance duties.[16]

With respect to Mrs. Yu, she was required to be at the Seal's Motel during the hours of 8:00 AM to 10:00 PM, but was not required to be at the front desk and was free to engage in personal activities, such as watching television, eating, and sleeping. Although Mrs. Yu was "engaged to be waiting," as opposed to "waiting to be engaged", the actual work performed by Mrs. Yu was minimal. Mrs. Yu testified that by around 2:00 PM each day, she had completed her tasks for the day, except for the occasional customer checking-in or customer requesting supplies for their room. Daniel Kim testified that he Like Mr. Yu, Mrs. Yu and Defendants had an agreement whereby she would receive a bi-weekly salary for working when necessary during the hours of 8:00 AM to 10:00 PM. Mrs. Yu was paid for 40 hours per week regardless of whether she actually worked the full 40 hours. As with Mr. Yu, the Court should find that under the circumstances, the parties should be held to their agreement pursuant to 29 C.F.R. § 785.23.

### 1. Plaintiffs were off duty during the hours of 10:00 PM to 8:00 AM.

Regulation 29 C.F.R. § 785.16(a) defines when an employee is considered off duty:

> Periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not

---

[16] An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted. This rule would apply, for example, to the pumper of a stripper well who resides on the premises of his employer and also to a telephone operator who has the switchboard in her own home. 29 C.F.R. § 785.23.

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 6 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

hours worked. He is not completely relieved from duty and cannot use the time effectively for his own purposes unless he is definitely told in advance that he may leave the job and that he will not have to commence work until a definitely specified hour has arrived. Whether the time is long enough to enable him to use the time effectively for his own purposes depends upon all of the facts and circumstances of the case.[17]

Regulation 5 C.F.R. § 551.431(b) also gives additional guidance as to when an employee is considered to be off duty, even if the employee is in an on-call status:

> An employee will be considered off duty and time spent in an on-call status shall not be considered hours of work if:
>
> (1) The employee is allowed to leave a telephone number or to carry an electronic device for the purpose of being contacted, even though the employee is required to remain within a reasonable call-back radius; or
>
> (2) The employee is allowed to make arrangements such that any work which may arise during the on-call period will be performed by another person.[18]

In this case, Mr. Yu was told from the beginning that the Seal's Motel hours were 8:00 AM to 10:00 PM and that he did not have to work or be at the motel during those hours. Unlike Mrs. Yu, Mr. Yu did not have a set schedule, other than being available during the hours of 8:00 AM to 10:00 PM, in case a minor maintenance issue arose. Mr. Yu was able to leave a number where he could be reached and pursue personal activities any time of day, so long as there was not a maintenance issue. Thus, even during the daytime hours Mr. Yu should be considered off duty, except when he was performing an actual task.

Likewise, Mrs. Yu was off duty during the hours of 10:00 PM to 8:00 AM. Mrs. Yu was informed that the Seal's Motel office was to be closed between 10:00 PM to 8:00 AM, the office door was to be locked, and the "No Vacancy" sign turned on. Mrs. Yu knew she did not have to work during those hours and was free to pursue personal activities during those hours. Therefore, the hours of 10:00 PM to 8:00 AM should arguably not be considered in the calculation of Mrs.

---

[17] 29 C.F.R. § 785.16(a)
[18] 5 C.F.R. § 551.431(b)(1)-(2).

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 7 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

Yu's actual hours.

Relying on 29 C.F.R. § 785.22(b), Plaintiffs assert that they should be paid for working 24 hours a day because they claim to have been awakened multiple times between the hours of 10:00 PM and 8:00 AM and were unable get more than five hours of sleep a night. However, Plaintiffs' reliance on 29 C.F.R. § 785.22 is misplaced, as that regulation applies to situations where the employee is on duty for 24 hours or more, which is clear from the regulation's title - "Duty of 24 hours or more".[19] As explained above, neither Mr. nor Mrs. Yu were on duty during the hours of 10:00 PM to 8:00 AM.

Regarding instances in which Mrs. Yu admitted customers between the hours of 10:00 PM and 8:00 AM, if the Court decides that Mrs. Yu should be compensated, she should only receive credit for overtime hours for the actual time spent admitting customers. Defendants testified that the time it took to admit a customer was approximately ten minutes. Daniel Kim testified that he worked at the Seal's Motel twice a week each week and occasionally one additional day per week. Daniel Kim would work from 5:00 PM to 10:00 PM and then would stay at the Seal's Motel overnight, so he could work the following day from 8:00 AM to 5:00 PM.

Daniel Kim testified that he admitted customers between the hours of 10:00 PM to 8:00 AM approximately once or twice per month. Based on Daniel Kim's staying overnight at the Seal's Motel eight days per week, he admitted a customer 12.5-25% of the days he stayed overnight at the Seal's Motel. Even if Plaintiffs were at the Seal's Motel during the hours of 10:00 PM to 8:00 AM 30 days per month, this would equate to Plaintiffs admitting customers four to eight times per month during those hours, or 40-80 minutes of overtime per month.

Plaintiffs testified that they also would answer the door during the hours of 10:00 PM to 8:00 AM to provide supplies to customers. Daniel Kim and Defendants testified that customers were aware that the office was closed and that customers did not come to the front desk with such

---

[19] 29 C.F.R. § 785.22.

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 8 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

requests during the hours of 10:00 PM to 8:00 AM. Even if customers did request supplies from Plaintiffs, the time required to fulfill such requests would be minimal in terms of hours worked, approximately five minutes to get toilet paper or towels. Clearly, fulfilling any such requests would not require Plaintiffs to work the entire 10:00 PM to 8:00 AM timeframe. Moreover, Daniel Kim testified that he was always able to get at least eight hours of sleep each night he stayed at the Seal's Motel.

### 2. Days off and vacations.

Plaintiffs' calculation of hours presented in closing worked fails to take into consideration their regular days off. Daniel Kim testified that during the timeframe relevant to this lawsuit, he worked at the Seal's Motel two days per week and stayed at the motel overnight on those days. Therefore, Mr. Yu and Mrs. Yu did not work while Daniel Kim was at the Seal's Motel. On days where Daniel Kim was at the Seal's Motel, Mrs. Kim would work from 8:00 AM to 5:00 PM on the first day, e.g. Friday, and then would be off for 48 hours, returning to work at 5:00 PM the third day, e.g. Sunday, when Daniel Kim left. Therefore, Mrs. Yu at most would have worked four days a week from 8:00 AM to 10:00 PM, one day a week from 8:00 AM to 5:00 PM, and one day a week from 5:00 PM to 10:00 PM, a total of 70 hours. However, Defendants request the Court to take into the parties arrangement, as noted above, in light of 29 C.F.R. § 785.23.

Additionally, the Court's final calculation of Plaintiffs' hours must exclude the two-month vacation Plaintiffs took from August 28, 2015-October 28, 2015.

## C. Inaccurate or Inadequate Employer Records

The employee bringing a suit for unpaid overtime wages has the initial burden of proving that he or she actually performed overtime work for which he or she was not properly compensated.[20] The employee must produce "sufficient evidence to show the amount and extent

---

[20] *Anderson v. Mt. Clemons Pottery Co.*, 328 U.S. 680, 686-687, 66 S.Ct. 1187, 90 L.Ed. 1515, (1946).

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 9 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

of that work as a matter of just and reasonable inference".[21]  If the employee meets their burden, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence".[22]

Typically, an employee can meet its burden by obtaining records from the employer kept in the course of business regarding the claimant's actual hours worked.[23] However, in the case where an employer has kept inadequate or inaccurate records, then the employee's burden becomes more difficult with respect to the number of hours actually worked.[24] In such situations, so long as the claimant has proven that "he in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference", then the court may award damages based upon an approximation of the number of hours the employee actually worked.[25] The employer may still produce evidence to refute the reasonableness of the inference based upon the evidence presented by the employee.

In this case, Plaintiffs did not record their actual numbers of hours worked. Therefore, Defendants did not have any such records that would show the actual number of hours Plaintiffs worked and Plaintiffs were unable to rely on any such records in presenting their claims. However, Plaintiffs still had the initial burden of proving they "in fact performed work for which [they were] improperly compensated" and "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference".

Here, Mrs. Yu asserted that she worked 24 hours a day, seven days a week. While Mrs. Yu presented evidence that she did perform work for which she was not properly compensated, due to

---

[21] *Id*. at 687.
[22] *Id*.
[23] *Id*. at 688.
[24] *Id*.
[25] *Id*.

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 10 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

the Court's determination that she was not exempt from overtime pay, she did not produce sufficient evidence for the Court to infer that she worked 24 hours, seven days a week. Rather, the evidence presented by Mrs. Yu demonstrated that she worked at the Seal's Motel front desk from 8:00 AM to 10:00 PM on days she worked and that she occasionally admitted customers between the hours of 10:00 PM to 8:00 AM. Mrs. Yu also asserted that she responded to requests from customers for supplies during the hours of 10:00 PM to 8:00 AM.

Even if the Court accepts Mrs. Yu's assertions, the reasonable inference is that Mrs. Yu worked 14 hours a day at the front desk while the motel was open on days she worked, plus occasionally an additional hour or two at most during the hours of 10:00 PM to 8:00 AM. As explained above, Mrs. Yu was not on duty at the Seal's Motel during the hours of 10:00 PM to 8:00 AM. Therefore, any work performed during those hours would be limited to the actual time worked, either admitting customers or retrieving supplies for customers. The time required to admit a customer was ten minutes and retrieving supplies for a customer would be five minutes.

In addition, the evidence presented by Defendants refutes the reasonableness of any inference that Mrs. Yu worked more than the 14 hours at the front desk while the motel was open, plus the occasional additional hour or two at most during the hours of 10:00 PM to 8:00 AM. As explained above, Daniel Kim worked at the Seal's Motel two days per week and stayed at the motel overnight on those days. Therefore, Mrs. Yu did not work while Daniel Kim was at the Seal's Motel. On days where Daniel Kim was at the Seal's Motel, Mrs. Kim would work from 8:00 AM to 5:00 PM on the first day, e.g. Friday, and then would be off for 48 hours, returning to work at 5:00 PM the third day, e.g. Sunday, when Daniel Kim left. Therefore, Mrs. Yu would have worked four days a week from 8:00 AM to 10:00 PM, one day a week from 8:00 AM to 5:00 PM, and one day a week from 5:00 PM to 10:00 PM.

Also, the evidence presented by Defendants refutes Plaintiffs' assertion that Mrs. Yu would have admitted customers or retrieved supplies for customers during the hours of 10:00 PM

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 11 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

to 8:00 AM on a daily basis. Daniel Kim stayed overnight at the Seal's Motel two nights per week and testified that he would admit customers after hours once or twice a week and never had customers come and request supplies. Moreover, Daniel Kim was always able to get eight hours of sleep when he stayed overnight at the Seal's Motel. Even giving Mrs. Yu the benefit of the doubt, the Court should limit its determination of hours worked between 10:00 PM to 8:00 AM to one to two hours per week.

Mr. Yu also failed produce sufficient evidence to showing the amount and extent of the work he claimed to perform at the Seal's Motel for the Court to make a just and reasonable inference that all of the alleged work was actually performed. Mr. Yu was hired in December 2013 to perform minor maintenance at the Seal's Motel. Mrs. Kim testified that Mrs. Yu asked her to try to find additional work for Mr. Yu, which included odd jobs such painting a room, for which he was paid extra. Mr. Yu did little actual work at the Seal's Motel.

Mr. Yu also asserts that he performed security for the Seal's Motel and this appears to be a significant portion of the alleged overtime hours Mr. Yu is claiming. However, Mr. Yu was not hired to perform security. Mr. Yu never mentioned that he was allegedly performing security to Mr. or Mrs. Kim until this lawsuit. Furthermore, Mr. Kim testified that security was unnecessary at motel. Therefore, the reasonable inference is that Mr. Yu was not actually performing security and the Court should disregard Mr. Yu's allegations that he performed security at the Seal's Motel. Mr. Yu also alleged he would get up with his wife when customers allegedly knocked on the door of the front desk after hours. As with Mrs. Yu, the Court should limit its determination of hours worked by Mr. Yu between 10:00 PM to 8:00 AM, allegedly helping his wife admit customers, to one to two hours per week.

**D.  Good-faith failure to pay overtime wages.**

**1.  Statute of limitations.**

In *McLaughlin v. Richland Shoe Co.*, the United States Supreme Court addressed the

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 12 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

standard for a "willful" violation of the FLSA, which would require an extension of the statute of limitations from two years to three years.[26] In the underlying District Court case, the trial court adopted a standard adopted by the Fifth Circuit, which the Third Circuit Court of Appeals rejected and the Supreme Court subsequently affirmed.[27]

The Fifth Circuit's standard for a willful violation merely "require[d] that an employer knew that the FLSA 'was in the picture'.[28] The Supreme Court found that this standard "virtually obliterates any distinction between willful and nonwillful violations", amounting only to a negligence standard.[29] The Supreme Court stated that "[t]he fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations".[30] The Supreme Court went on to reference its prior decision in *Trans World Airlines, Inc. v. Thurston,* in which they found that "it would be virtually impossible for an employer to show that he was unaware of the Act and its potential applicability".[31]

Rather, the Supreme Court affirmed its prior determination that "[t]he standard of willfulness that was adopted in *Thurston* -- that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute -- is surely a fair reading of the plain language of the Act".[32]

In the case at hand, Defendants believed in good-faith, albeit incorrectly, that Mrs. Yu was exempt from overtime pay based on her designation as a manager of the Seal's Motel. Mrs. Yu's primary duty was the management and operation of the Seal's Motel. She worked with little

---

[26] *McLaughlin v. Richland Shoe Co.*, 108 S.Ct. 1677, 486 U.S. 128, 100 L.Ed.2d 115, 56 U.S.L.W. 4433, (1988).
[27] *Id*.
[28] *Id.* at 130.
[29] *Id. at 132*-133. In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." *Id.* at 133 *(citing* Roget's International Thesaurus § 622.7, p. 479; § 653.9, p. 501 (4th ed.1977)).
[30] *Id.* at 132.
[31] *Id.* at 133.
[32] *Id* at 133.

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 13 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

supervision and managed the other employees of the Seal's Motel, earning significantly more than the other employees. Aside from Mrs. Kim handling payroll and bookkeeping, Mrs. Yu ran the Seal's Motel.

There is no evidence that Defendants knew that Mrs. Yu was entitled to overtime pay nor is there evidence of reckless disregard that Mrs. Yu was entitled to overtime pay. Prior to Mrs. Yu working at the Seal's Motel, Mr. and Mrs. Kim ran the motel themselves. They had a housekeeper and maintenance person, but the rest of the work they did themselves. They did not previously operate a motel and had no prior allegations regarding unpaid overtime.

Mr. Yu was hired to do minor maintenance. In the two and half years that he worked at the Seal's Motel, neither Mr. Yu nor Mrs. Yu complained that Mr. Yu was working overtime hours. Rather, Mrs. Yu asked Mrs. Kim to give more work because she did not like that Mr. Yu was simply sitting around idle much of the time. Mrs. Kim obliged, giving Mr. Yu additional projects to do around the motel, such as painting rooms. There was no reason for Mr. and Mrs. Kim to believe that Mr. Yu was allegedly doing any work other than minor maintenance around the motel.

The evidence before the Court simply does not warrant a finding of a knowing or reckless violation of the FLSA and that any violation the Court may find should be considered an "ordinary" violation subject to the two-year statute of limitations.[33]

### 2. Liquidated damages.

"Under 29 U.S.C. § 260, courts need not award liquidated damages in every instance; instead, courts retain discretion to withhold a liquidated damages award, or to award less than the statutory liquidated damages total, where an employer shows that, 'despite the failure to pay appropriate wages, the employer acted in subjective 'good faith' and had objectively 'reasonable

---

[33] *Id.* at 135.

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 14 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

grounds' for believing that the acts or omissions giving rise to the failure did not violate the FLSA'.[34] Under 29 U.S.C. § 259, an employer's good faith reliance on administrative ruling satisfies the requirements of § 260, but the lack of reliance on an administrative ruling is not determinative of a failure to meet the terms of § 260.[35]

In the case at hand, Defendants subjectively believed in good faith that Mrs. Yu was exempt from overtime pay based on the nature of her job duties as manager of the Seal's Motel. As stated above, Mrs. Yu's primary duty was the management and operation of the Seal's Motel. She essentially ran the Seal's Motel, aside from doing payroll and bookkeeping. In addition, Mr. Kim testified that other motels in the area employed "managers" in the same capacity as Mrs. Yu.

Defendants' determination that Mrs. Yu was exempt from overtime was also objectively reasonable. Here, Defendants are not sophisticated businesspersons. Although Mr. Yu had previously operated a restaurant and auto shop, he did not previously operate a motel. In the three plus years that Mr. and Mrs. Kim operated the Seal's Motel on their own, Mr. Kim learned that it was customary for similar motels in the area to employ a manager, who resided at the motel, and managed and operated the same as Mrs. Yu did. By seeking out the customary operation of other similar small motels, Mr. Yu's belief that Mrs. Yu's position and pay complied with the FLSA was objectively reasonable. Therefore, Mrs. Yu is not entitled to liquidated damages.

With respect to Mr. Yu, Defendants were unaware that Mr. Yu was allegedly working overtime. In the two and half years Mr. Yu worked at the Seal's Motel, the issue was never raised by the Yus and Mr. and Mrs. Kim typically observed Mr. Yu sitting around watching television, which was not an issue because he was only hired to perform minor maintenance. Thus, they had no reason to believe that he may be entitled to overtime wages. For the same reason, an objective

---

[34] *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003).

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 15 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

person in the same position would reasonably believe that Mr. Yu was not working any overtime hours. Therefore, Mr. Yu is not entitled to liquidated damages.

//

//

//

DATED this 4th day of October, 2018.

        JK LAW GROUP, INC.

        /s/ Chris Rosfjord
        Chris Rosfjord, Of Counsel
        WSBA 37668
        Of Attorneys for Defendants

---

[35] *Id*.

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 16 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220

# **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the State of Washington that I caused to be served a true and correct copy of the attached Defendants' Supplemental Trial Brief on the following persons via PACER electronic filing:

**SERVED PERSON:**

Karl Park
Law Office of Karl Park
7421 Better Way Loop SE #101
Snoqualmie, WA 98065
(206) 356-8487
karlpark99@yahoo.com
*Attorney for Plaintiff*

DATED this 4th day of October, 2018 in Seattle, WA

JK LAW GROUP, INC.

/s/ Chris Rosfjord
Chris Rosfjord, Of Counsel
WSBA 37668
Of Attorneys for Defendants

DEFENDANTS' SUPPLEMENTAL TRIAL BRIEF
(Yu v. Five Boars, *et al*)
Page 17 of 17

JK Law Group, Inc.
11555 SE 8th St. Ste 120
Bellevue, Washington 98004
425-440-0220